JOSEPH E. LEWIS in equity

*vs.*

MARTHA E. SMALL, Administratrix, and others.

Sagadahoc.    Opinion December 29, 1880.

*Equity. Equitable mortgage—redemption of.*

A loan of money and a deed given as security therefor, with a contract, not under seal, showing the transaction, will be regarded as an equitable mortgage, and will be enforced as such in the hands of the equitable mortgagee or his assignee taking the assignment with full knowledge of and subject to all equities between the original parties.

BILL IN EQUITY, heard on bill, answer and proofs.

The facts are sufficiently stated in the opinion.

*John S. Baker*, for the plaintiff, cited: R. S., c. 90, § 1; *Thomaston Bank* v. *Stimpson*, 21 Maine, 195; *Howe* v. *Russell*, 36 Maine, 115; *Brown* v. *Holyoke*, 53 Maine, 9; *Erskine* v. *Townsend*, 2 Mass. 493; *Kelleran* v. *Brown*, 4 Mass. 443; *Cutler* v. *Dickinson*, 8 Pick. 387; *Lanfair* v. *Lanfair*, 18 Pick. 304; *Rowell* v. *Jewett*, 69 Maine, 293; *Sellers* v. *Carpenter*, 33 Maine, 485; 1 Greenl. Ev. 558; *Dockray et ux* v. *Noble*, 8 Maine, 278; *Dixfield* v. *Newton*, 41 Maine, 221; *Crooker* v. *Jewell*, 31 Maine, 306; *Connor* v. *Whitmore*, 52 Maine, 185; *Woods* v. *Woods*, 66 Maine, 206.

*C. W. Larrabee*, for the defendants.

The warrantee deed from George Lewis to Jonathan Davis, of October 19, 1857, was absolute and unconditional, though intended as collateral to a loan. The loan was for a specified time — two years — and not having been paid according to agreement the title to the realty became indefeasible in the grantee. *Thomaston Bank* v. *Stimpson*, 21 Maine, 195.

The equity powers of this court were restricted until the act of 1874, c. 175.

The court had not general chancery powers. *York & Cumberland R. R.* v. *Myers*, 41 Maine, 119; *Hayford* v. *Dyer*, 40 Maine, 245. The equity powers of the court then, did not extend

to equitable mortgages when Lewis conveyed to Davis in 1857 nor when Davis conveyed to Small in 1859.

The evidence fails to show a mortgage. The conveyance to Davis was from Lewis and his mother; the obligation back if under seal was to Lewis alone — not to the grantors in the deed. *Treat* v. *Strickland,* 23 Maine, 234; *Shaw* v. *Erskine,* 43 Maine, 371; *Warren* v. *Lovis,* 53 Maine, 463; *Flagg* v. *Mann,* 14 Pick. 479.

When Elisha Small purchased of Davis, in 1859, it is not pretended that he acted upon the request of George Lewis, who, according to the bill, was the sole owner of the equity till June 30, 1879.

Mrs. Lewis had an interest in the place before it was conveyed to Davis, and she held the instrument given by Davis. If she handed that to Small to redeem from Davis, in the absence of evidence to the contrary, that constituted an equitable assignment to Small and gave him the right to redeem. 1 Jones on Mortgages, "Equitable Assignment." The title acquired thereby would not be defeasible.

APPLETON, C. J. This is a bill in equity brought against the administratrix of the estate of Elisha Small and his heirs. The bill was filed September 20, 1879.

On October 19th, 1857, George Lewis, having the title to the premises in controversy conveyed the same to Jonathan Davis, at the same time giving his note for $453.61 in one and two years, and taking a bond or obligation from said Davis to reconvey on payment of the amount due in two years.

The evidence fails to show with absolute certainty whether the instrument given back was under seal or not. The witnesses describe it as a bond or obligation. The language used would indicate an instrument under seal. If so, as the deed, bond and note bear the same date, and are part of one and the same transaction, they would constitute a mortgage. R. S., c. 90, § 1.

If not under seal, as here was a loan and a deed given as security therefor, with a contract not under seal, showing clearly the nature of the transaction there would be an equitable mortgage. *Thomaston Bank* v. *Stimpson,* 21 Maine, 195; *Rowell* v. *Jewett,* 69 Maine, 293; 1 Jones on Mortgages, § 162.

It is apparent therefore that Lewis had an equity of redemption in the premises in controversy.

In about twenty days Lewis went to California, leaving his mother in possession of the mortgaged premises and the bond or obligation of Davis in her hands.

On September 1st, 1859, Elisha Small, the son-in-law of Mrs. Lewis, having received the bond or obligation from her, at her request redeemed the property by paying and taking up the note of George Lewis, surrendering to Davis: his bond or obligation and receiving from him a quit claim of the premises held by him as security for the note of Lewis. The object was that the estate should be redeemed for the benefit of Lewis, Small holding the same as security for the money advanced by him to Davis.

Small took the conveyance with a full knowledge of Lewis' interest as mortgager. The note was transferred to him at the same time he received the deed. He took the land as mortgagee having only and intending to have only the rights of his grantor. He held and was to hold the land only as security for the money he advanced. He was an equitable mortgagee of the premises and was liable as such.

Mrs. Lewis, his mother-in-law, remained in the occupation of the farm, until her death in 1863, when Small entered and continued in possession till his death.

The complainant having the right of George Lewis to redeem, is entitled to maintain this bill—the statute of 1874, c. 175, having given this court full equity jurisdiction in case of equitable mortgages as in case of mortgages under the statutes.

*Bill sustained. Master to be appointed.*

WALTON, BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.